UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARMEN GREEN, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| vs. | ) No. 1:23-cv-1714-JMS-KMB |
| | ) |
| VAN AUSDALL AND FARRAR, ET AL., | ) |
| | ) |
| *Defendants.* | ) |

**ENTRY GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, SCREENING COMPLAINT, AND DIRECTING FURTHERING PROCEEDINGS**

Pending before the Court are *pro se* Plaintiff Carmen Green's Complaint, [Filing No. 1], and Motion for Leave to Proceed *In Forma Pauperis*, [Filing No. 8]. This Order addresses Ms. Green's Motion for Leave to Proceed *In Forma Pauperis*, then screens the Complaint pursuant to 28 U.S.C. § 1915(e)(2), and directs furthering proceedings.

**I.**
**MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

28 U.S.C. § 1915(a) permits the Court to authorize a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that he lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Ms. Green's Motion for Leave to Proceed *In Forma Pauperis*, [Filing No. 8], meets the above standard and is therefore **GRANTED**. 28 U.S.C. § 1915(a). Her earlier-filed Motion for Leave to Proceed *In Forma Pauperis*, [3], is **DENIED AS MOOT**.

The Court also addresses the attachment Ms. Green included with her Motion for Leave to Proceed *In Forma Pauperis*. [Filing No. 8-1 at 1.] The attachment is a letter in which Ms. Green expresses her frustrations with the Court not granting her First and Second Motions for Leave to

1

Proceed *In Forma Pauperis*,[1] stating, "We both know that I don't make enough money to pay and shouldn't be held responsible for the pain and trauma that was inflicted on me due to Racial Discrimination from the other parties." [Filing No. 8-1 at 1.] Ms. Green then insinuates that this Court is "protecting these Racist Americans." [Filing No. 8-1 at 1.]

The Court notes that requiring Ms. Green to file a sufficient Motion for Leave to Proceed *In Forma Pauperis* had nothing to do with her race. Her First and Second Motions for Leave to Proceed *In Forma Pauperis* were incomplete and left the Court unable to evaluate whether Ms. Green is "unable to pay" the Court's fees under 28 U.S.C. § 1915(a)(1). The Court recognizes that Ms. Green is proceeding *pro se*, but it is "well established that *pro se* litigants are not excused from compliance with procedural rules." Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008) (citation omitted) (emphasis added).

Lastly, the Court notes that, while *in forma pauperis* status allows the plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fee. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997) (Every *in forma pauperis* litigant is liable for the filing fee; "all § 1915(a) does for any litigant is excuse the *pre*-payment of fees") (emphasis in original). The Court does not have the authority to waive the filing fee, and it remains due despite plaintiff's *in forma pauperis* status. Fiorito v. Samuels, 2016 WL 3636968, *2 (C.D. Ill. 2016) ("The Court does not have the authority to waive a filing fee"); McDaniel v. Meisner, 2015 WL 4773135, *5 (E.D. Wis. 2015) (same principle). The filing fee for *in forma pauperis* litigants is $350. *See* USDC Fee Schedule at https://www.insd.uscourts.gov/fees-financial-information (stating that the $402 filing fee includes a $52 administrative fee, but that the administrative fee "does not apply

---

[1] These Motions for Leave to Proceed *In Forma Pauperis* were filed in a duplicative case, Case No. 1-23-cv-1713. The Court closed that case and docketed the operative Motion for Leave to Proceed *In Forma Pauperis* in this case. [*See* Filing No. 11 in Case No. 1-23-cv-1713.]

to…persons granted in forma pauperis status under 28 U.S.C. § 1915"). Immediate payment is not required; however, the $350 balance remains owing.

## II.
### SCREENING

### A. Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. The Complaint

Ms. Green sets forth the following allegations in her Complaint, [Filing No. 1], which the Court must accept as true at this time:

Ms. Green began working for Van Ausdall and Farrar on September 19, 2022, and around October 27, 2022, she began experiencing harassment from her Trainer, Malia Dutywood. [Filing No. 1 at 5.] Ms. Green alleges that she was the only Black woman working with Ms. Dutywood. [Filing No. 1 at 5.] Ms. Dutywood would yell at her when she asked questions about her new job that she did not know because she was still learning. [Filing No. 1 at 5.] When Ms. Green began

asking Cheryl Cabrera and two other individuals not named in the Complaint "to stop the mistreatment," Ms. Dutywood just yelled at her more. [Filing No. 1 at 5.] Ms. Green "would be sick all the time and vomiting" as a result of the "hostile and toxic environment." [Filing No. 1 at 5.] Ms. Cabrera and Lisa Clark "told [Ms. Green] to suck it up or [lose her] job." [Filing No. 1 at 5.] Ms. Dutywood followed Ms. Green to the bathroom numerous times, and Ms. Green had an individual not named in the Complaint go with her to the bathroom to show her what Ms. Dutywood was doing. [Filing No. 1 at 5.] Ms. Green was scared "because [Ms. Dutywood] stated that she has guns." [Filing No. 1 at 5.] Ms. Green was also "told by the Defendants that '[Ms. Dutywood] is entitled to a toxic free work environment' but [not her]." [Filing No. 1 at 5.]

Ms. Green uses the Court's Pro Se Employment Discrimination Complaint Form ("Complaint Form"). [Filing No. 1.] Under Section III of the Complaint Form, Ms. Green indicates that the alleged discriminatory acts occurred October 27, 2022, through December 2, 2023, and checked the box that the Defendants "are not still committing these acts against me." [Filing No. 4.] Under Section IV of the Complaint Form, titled "Exhaustion of Federal Administrative Remedies," Ms. Green indicates that she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 3, 2023, and that the EEOC issued a Notice of Right to Sue Letter on June 1, 2023. [Filing No. 1 at 6.] The Complaint Form then instructs the Plaintiff to "[a]ttach a copy of the Notice of Right to Sue Letter from the [EEOC] to this complaint." [Filing No. 1 at 6.] Ms. Green's Complaint does not have a copy of an EEOC Notice of Right to Sue Letter.

Ms. Green lists five Defendants: Van Ausdall and Farrar, Ms. Dutywood, Ms. Cabrera, Ms. Clark, and Leslie Stevens. [Filing No. 1 at 1.] She alleges that she was discriminated against based on her race and color ("Black"). [Filing No. 1 at 5.] She asserts claims under Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") for "Termination of my employment"; "Unequal terms and conditions of my employment"; and "Retaliation." [Filing No. 1 at 4.]

**C. Discussion**

The Court construes Ms. Green's Complaint as alleging claims for a hostile work environment based on race under Title VII.

   *1. Timeliness and Right to Sue Letter*

To bring claims under Title VII in federal court, Ms. Green must have: (1) timely filed a charge with the EEOC, and (2) received a right to sue letter from the EEOC.  *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(b), (e), and (f); 29 U.S.C. § 626(d).  To meet the timeliness requirement, a plaintiff must file a charge with the EEOC within 180 days of the allegedly discriminatory act, or within 300 days "if a [plaintiff] initially institutes proceedings with a state or local agency that possesses the authority to address the alleged discrimination." 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d); *see Russell v. Delco Remy Div.*, 51 F.3d 746, 750 (7th Cir. 1995).  This deadline "protect[s] employers from the burden of defending claims arising from employment decisions that are long past." *Mull v. ARCO Durethene Plastics, Inc.*, 784 F.2d 284, 291 (7th Cir. 1986) (internal quotation and citation omitted).

The Court notes that some of the dates Ms. Green provides appear to be incorrect, so the Court is unable to determine whether she timely filed a charge with the EEOC.  Specifically, the Court notes that Ms. Green indicates that the Defendants are not still committing the acts against her but also states that the acts are occurring through December 2, 2023, which is in the future.  The Court also notes that Ms. Green states that she filed a charge of discrimination with the EEOC on December 3, 2023, also in the future.  Further, Ms. Green has not attached her EEOC Notice of

5

Right to Sue Letter, which makes the Court unable to determine whether she received one. Ms. Green shall have through **November 22, 2023** to file an Amended Complaint that includes correct dates of compliance with the EEOC requirements and attaches an EEOC Notice of Right to Sue Letter.

The Court now turns to address whether Ms. Green's claims will proceed if she files an Amended Complaint with corrected dates and an EEOC Notice of Right to Sue Letter.

2. *Claims Against the Individuals*

Title VII applies only to "employers"; it is well established that Title VII claims cannot be brought against individuals in their individual capacity. *Williams v. Banning*, 72 F.3d 552, 553-55 (7th Cir. 1995) (holding that there is no individual liability under Title VII and stating that "[b]ecause a supervisor does not, in his individual capacity, fall within Title VII's definition of employer, [the plaintiff] can state no set of facts which would enable her to recover under the statute"). Therefore, to the extent that Ms. Green intends to assert Title VII claims against Ms. Dutywood, Ms. Cabrera, Ms. Clark, and Ms. Stevens, those claims are **DISMISSED**.

3. *Claim Against Van Ausdall and Farrar*

Title VII prohibits an employer from discriminating against an employee "because of [the employee's] race [or] color." 42 U.S.C. § 2000e-2(a)(1). There are several ways to frame a Title VII claim, and hostile work environment is one. *Huri v. Off. of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 833-34 (7th Cir. 2015).

In order to state a Title VII hostile work environment claim, a plaintiff must allege that "(1) she was subject to unwelcome harassment; (2) the harassment was based on [her protected characteristic]; (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is a basis for

6

employer liability." *Id.* (citation omitted). With regard to the third element—that the conduct alleged must be "sufficiently severe or pervasive to alter the conditions of employment"—this determination is made based on "the severity of the allegedly discriminatory conduct, its frequency, whether it is physically threatening or humiliating or merely offensive, and whether it unreasonably interferes with an employee's work performance." *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 900 (7th Cir. 2018) (quotations and citations omitted).

Ms. Green sufficiently alleges a Title VII hostile work environment claim based on race against Van Ausdall and Farrar. She alleges that she was subject to unwelcome harassment, including that: Ms. Dutywood spoke to her in nasty tones every time Ms. Green asked a question about her job; Ms. Dutywood yelled at her more after she reported the behavior to Ms. Cabrera and other individuals; Ms. Dutywood followed her to bathroom numerous times; Ms. Dutywood stated that she had guns; the Defendants told Ms. Green that Ms. Dutywood was entitled to a toxic free work environment but she was not; and all Defendants eventually became aggressive and hostile toward her. [Filing No. 1 at 5.] Ms. Green also alleges that the harassment was based on her race and color: "Black" and "I was the only Black woman working with [Ms. Dutywood]." [Filing No. 1 at 5.] As for severity and pervasiveness, Ms. Green alleges that she experienced the harassment "[f]or months" and that she became physically ill and felt unsafe due to the "hostile and toxic environment." [Filing No. 1 at 5.] Lastly, she alleges a basis for employer liability because Ms. Green reported Ms. Dutywood's behavior and asked for the harassment to stop. Accordingly, Ms. Green's claim of hostile work environment under Title VII against Van Ausdall and Farrar **SHALL PROCEED** but only if the EEOC requirements explained above are met.

Defendant Van Ausdall and Farrar does not need to file a responsive pleading until Ms. Green files an Amended Complaint.

## III.
### Conclusion

The Court, having considered the above action and the matters that are pending, makes the following rulings:

1. Ms. Green's Motion for Leave to Proceed *In Forma Pauperis*, [8], is **GRANTED** and her earlier-filed Motion for Leave to Proceed *In Forma Pauperis,* [3], is **DENIED AS MOOT**.

2. Ms. Green shall have until **November 22, 2023** to file an Amended Complaint that includes correct dates of compliance with the EEOC requirements and attaches an EEOC Notice of Right to Sue Letter. Failure to do so may result in the dismissal of this case.

3. Ms. Green's claim against Van Ausdall and Farrar **SHALL PROCEED** but only if Ms. Green files an Amended Complaint by November 22, 2023 that includes correct dates of compliance with the EEOC requirements and attaches an EEOC Notice of Right to Sue Letter.

4. Ms. Green's claims against Ms. Dutywood, Ms. Cabrera, Ms. Clark, and Ms. Stevens are **DISMISSED WITH PREJUDICE** and the Clerk is **DIRECTED** to **TERMINATE** Ms. Dutywood, Ms. Cabrera, Ms. Clark, and Ms. Stevens as Defendants.[2]

Date: 11/2/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via United States Mail to:**

Carmen Green
10254 Toll House Way
Fishers, IN 46037

---

[2] The Court finds that dismissal with prejudice is appropriate Ms. Green would not be able to cure the deficiency the Court has identified. *See Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) ("[D]istrict courts have broad discretion to deny leave to amend . . . where the amendment would be futile.").