UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CARMEN GREEN,                                    )
                                                 )
                        *Plaintiff*,             )
                                                 )
                vs.                              )        No. 1:23-cv-1714-JMS-KMB
                                                 )
VAN AUSDALL AND FARRAR,                           )
                                                 )
                        *Defendant*.             )

**ENTRY SCREENING AMENDED COMPLAINT AND DIRECTING FURTHERING PROCEEDINGS**

On September 25, 2023, *pro se* Plaintiff Carmen Green filed a Complaint, [Filing No. 1], and a Motion for Leave to Proceed *In Forma Pauperis*, [Filing No. 8]. On November 11, 2023, the Court granted Ms. Green's Motion for Leave to Proceed *In Forma Pauperis*, screened her Complaint pursuant to 28 U.S.C. § 1915(e)(2), and instructed Ms. Green that a claim could proceed if Ms. Green filed an Amended Complaint with complete information and attached the Equal Employment Opportunity Commission's ("EEOC") Notice of Right to Sue Letter. [Filing No. 9.] Ms. Green has now filed an Amended Complaint with the EEOC's Notice of Right to Sue Letter. [Filing No. 12; Filing No. 13; Filing No. 19.] Ms. Green has also filed a Motion for Assistance with Recruiting Counsel. [Filing No. 14.] This Entry screens Ms. Green's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2), addresses her Motion for Assistance with Recruiting Counsel, and directs further proceedings.

# I.
## SCREENING

### A. Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff

proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous

or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief

against a defendant who is immune from such relief."  In determining whether a complaint states

a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6).  *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face.  A claim has facial plausibility when
> the plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. The Amended Complaint

Ms. Green sets forth the following allegations in her Amended Complaint, [Filing No. 12-

1; Filing No. 13],[1] which the Court must accept as true at this time:

While working at Van Ausdall and Farrar, Ms. Green began experiencing harassment from

her Trainer, Malia Dutywood.  [Filing No. 12-1 at 5; Filing No. 13.]  Ms. Green is Black, and Ms.

Dutywood is White.  [Filing No. 13.]  When Ms. Green asked Ms. Dutywood questions about her

---

[1] On November 19, 2023, Ms. Green filed two Amended Complaints, [Filing No. 12; Filing No. 12-1].  The Court considers the second-filed Amended Complaint, [Filing No. 12-1], which is more comprehensive, to be the operative Amended Complaint since it is the most recently filed Amended Complaint.  *See Chasensky v. Walker*, 740 F.3d 1088, 1094 (7th Cir. 2014) (A "new complaint supersedes all previous complaints and controls the case from that point forward.").  Along with her Amended Complaint, Ms. Green also filed an additional page of facts, [Filing No. 13], which the Court considers and references.

new job that she did not know because she was still learning and in training, Ms. Dutywood would

yell at Ms. Green and use a demeaning tone.  [Filing No. 13.]  Ms. Dutywood would also "talk[]

about guns and hurting people."  [Filing No. 13.]  Additionally, Ms. Dutywood would follow Ms.

Green to the bathroom, such that Ms. Green had a co-worker accompany her to the bathroom to

show her what Ms. Dutywood was doing.  [Filing No. 13.]  Ms. Green "became very ill" as a result

of the hostile treatment and yelling by Ms. Dutywood.  [Filing No. 13.]

       Ms. Green went to the head of Van Ausdall and Farrar's Human Resources, Leslie Stevens;

supervisor Cheryl Cabrera; and Lisa Clark to tell them what she was experiencing, but they

"retaliated and sided with [Ms. Dutywood] even after they knew [Ms. Dutywood] was following

[Ms. Green] to the bathroom and making [her] workplace toxic and unsafe."  [Filing No. 13.]  Ms.

Green was also "told by the Defendants that '[Ms. Dutywood] is entitled to a toxic free work

environment' but [not her]."  [Filing No. 13.]  Defendants blamed Ms. Dutywood's behavior on

Ms. Green, "making it seem like [Ms. Green] was the 'aggressor' when [she] wasn't," and made

statements like, "we fear the police too" and "we have to hold our purses close too."  [Filing No.

13.]

       Ms. Green asked to move to a different department, but her request was denied.  [Filing

No. 13.]  Ms. Green was made to "leave work" and was not allowed "to attend the company party

because [Ms. Dutywood] was going."  [Filing No. 13.]  Ms. Dutywood even received a "necklace

and was laughing with" the employees from the Human Resources department after Ms. Green

made her statement about Ms. Dutywood being "[v]erbally abusive, hostile, toxic, and

discriminatory."  [Filing No. 13.]  Ms. Green experienced this treatment from October 2022

through December 2, 2022.  [Filing No. 13; Filing No. 12-1 at 3.]  During this time, Van Ausdall

and Farrar rewarded Ms. Dutywood's behavior instead of stopping it.  [Filing No. 13.]

Ms. Green lists five Defendants: Van Ausdall and Farrar, Ms. Dutywood, Ms. Cabrera, Ms. Clark, and Ms. Stevens. [Filing No. 12-1 at 1.] She alleges that she was discriminated against based on her race and color ("Black") and suffered retaliation and unequal conditions of employment. [Filing No. 12-1 at 5.] She asserts claims under:

- Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII");

- 42 U.S.C. § 1981;

- "Equality Act 2010, Section 13, 26, 27";

- 42 U.S.C. § 239d;

- 20 C.F.R. § 322.6;

- Indiana Code § 35-38-9-10;

- Indiana Code § 34-6-2-51.5;

- Indiana Code §§ 34-26-5-1 and -2;

- Indiana Code § 34-51-3-4;

- Indiana Code § 34-51-3-6;

- Indiana Code § 22-9-1-2(a); and

- Jones v. R.R. Donnelley & Son Co., 541 U.S. 369 (2004).

[Filing No. 12-1 at 2.]

### C. Discussion

*1. Timing of Title VII Claims*

As a threshold matter, for Ms. Green to bring claims under Title VII, she must have:

(1) filed a charge with the EEOC within 180 days of the allegedly discriminatory act, or within 300 days "if a [plaintiff] initially institutes proceedings with a state or local agency that possesses the authority to address the alleged discrimination," 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d); *see Russell v. Delco Remy Div.*, 51 F.3d 746, 750 (7th Cir. 1995); and

(2) received a Notice of Right to Sue Letter from the EEOC, *see* 42 U.S.C. § 2000e-5(b), (e), and (f)(1).

Ms. Green appears to have met both requirements.  She filed her charge with the EEOC on December 3, 2022, which is just one day after the alleged discriminatory acts.  [Filing No. 12-1 at 4; Filing No. 12-1 at 6.]  Ms. Green also received a Notice of Right to Sue Letter from the EEOC. [Filing No. 19; Filing No. 12-1 at 6.]

### 2.  Title VII and Section 1981 Claims

Title VII prohibits an employer from discriminating against any individual with respect to his or her "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Similarly, Section 1981 prohibits racial discrimination in the making and enforcing of contracts, including employment contracts.  42 U.S.C. § 1981; *see Singmuongthong v. Bowen*, 77 F4th 503, 507 (7th Cir. 2023) (explaining that § 1981 protects making and enforcing contracts in the context of employment).  Both Title VII and § 1981 also forbid a hostile work environment and retaliation. *Huri v. Office of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015).

The substantive analysis for both Title VII and § 1981 claims is the same, and cases discussing claims under either provision are instructive.  *See Johnson v. Gen. Bd. of Pension & Health Benefits of United Methodist Church*, 733 F.3d 722, 728 (7th Cir. 2013) ("The substantive standards and methods that apply to Title VII also apply to 42 U.S.C. § 1981.").  The only important difference between Title VII and § 1981 claims, for purposes of this screening, is that individuals can be liable under § 1981 while only "employers" can be liable under Title VII. *Williams v. Banning*, 72 F.3d 552, 553-55 (7th Cir. 1995) (holding that only employers, not individuals, can be liable under Title VII); *Bronson v. Ann & Robert H. Lurie Child.'s Hosp. of*

*Chicago,* 69 F.4th 437, 453 n.9 (7th Cir. 2023) ("Although supervisors are not subject to individual

liability under Title VII, they can be held liable under Section 1981.").

Ms. Green alleges that Van Ausdall and Farrar violated Title VII[2] and that all Defendants

violated § 1981 by creating a hostile work environment and retaliating and discriminating against

her.  [Filing No. 12-1; Filing No. 13.]  Because the substantive analysis of the claims under Title

VII and § 1981 is the same, the Court proceeds by analyzing the claims together and noting where

liability differs.

a.   Hostile Work Environment

To state a hostile work environment claim, a plaintiff must allege that "(1) she was subject

to unwelcome harassment; (2) the harassment was based on [her protected characteristic]; (3) the

harassment was severe or pervasive so as to alter the conditions of employment and create a hostile

or abusive working environment; and (4) there is a basis for employer liability." *Huri,* 804 F.3d

at 834 (citation omitted); *see also Hambrick v. Kijakazi,* 79 F.4th 835, 843 (7th Cir. 2023).

Regarding employer liability, when the harassing employee is the victim's co-worker, employer

liability is proper only if the employer "was negligent in controlling working conditions." *Vance*

*v. Ball State Univ.,* 570 U.S. 421, 424 (2013).

Ms. Green alleges that she was subject to unwelcome harassment, including that: Ms.

Dutywood would yell at her when she asked questions about her job; Ms. Dutywood followed her

to the bathroom more than once; Ms. Dutywood stated that she had guns and talked about hurting

people; Defendants made the comments that "we fear the police too" and "we have to hold our

---

[2] The Court already dismissed with prejudice Ms. Green's Title VII claims against Ms. Dutywood, Ms. Cabrera, Ms. Clark, and Ms. Stevens in its November 2, 2023 Order, [Filing No. 9], since individuals cannot be liable under Title VII.  *Williams,* 72 F.3d at 553-55.  The Court therefore only construes the Title VII claims in Ms. Green's Amended Complaint as pertaining to Van Ausdall and Farrar.

purses close too"; and Defendants told Ms. Green that Ms. Dutywood was entitled to a toxic free work environment but that she was not. [Filing No. 13.] She also alleges that the harassment was based on her race, a protected characteristic, and plausibly alleges that the harassment was severe and pervasive (it lasted for "months"; she "became very ill" as a result; she felt "unsafe"; and she was not allowed to go to the company party). [Filing No. 13.] At the pleadings stage, this is sufficient to show that the harassment could plausibly create a hostile and abusive environment. *Huri*, 804 F.3d at 834 (finding that "it is premature at the pleadings stage to conclude just how abusive" the work environment was, but that allegations of "screaming, prayer circles, social shunning, implicit criticism of non-Christians, and uniquely bad treatment of [the plaintiff]" were sufficient to show a plausibly abusive environment). Lastly, Ms. Green alleges that she informed Ms. Stevens, the head of Human Resources, and other upper management of what was going on and that they not only failed to address it, but that they rewarded Ms. Dutywood. [Filing No. 13.] Ms. Green has stated claims for a hostile work environment. Accordingly, her claim for hostile work environment under Title VII against Van Ausdall and Farrar **SHALL PROCEED**, and her claim for hostile work environment under § 1981 against all Defendants **SHALL PROCEED**.

b.  Retaliation

To state a retaliation claim, a plaintiff must plead that she was engaged in a protected activity and, as a result, suffered an adverse employment action. *Huri*, 804 F.3d at 833 (citation omitted). In the retaliation context, an "adverse employment action" is an "employer's action that would dissuade a reasonable worker from participating in protected activity." *Id.* (citation omitted).

Ms. Green was engaged in a protected activity when she made internal complaints about Ms. Dutywood. *Id.* ("[I]t is beyond dispute that [the plaintiff] engaged in protected activity by . .

. making internal complaints."). Additionally, Ms. Green was subjected to an adverse employment action when she was not allowed to the attend the company party because Ms. Dutywood was going. [Filing No. 13.] Exclusion from social functions is an adverse employment action in the retaliation context. *Id.* (stating that "all it takes in the retaliation context" are actions that "would cause a reasonable worker to think twice about complaining about discrimination," such as being subjected to screaming, false reports, and exclusion from social functions). Ms. Green's allegations state retaliation claims. Accordingly, her claim for retaliation under Title VII against Van Ausdall and Farrar **SHALL PROCEED**, and her claim for retaliation under § 1981 against all Defendants **SHALL PROCEED**.

      c.  Discrimination

Courts in this Circuit apply a "minimal pleading standard for simple claims of race . . . discrimination." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). To state a discrimination claim, "a plaintiff need only allege enough facts to allow for a plausible inference that the adverse action suffered was connected to her protected characteristics." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (emphasis omitted). In the context of discrimination, an adverse employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Chaudhry v. Nucor Steel–Ind.*, 546 F.3d 832, 838 (7th Cir. 2008) (quotation and citation omitted).

Ms. Green's allegations revolve around the harassment she endured based on her race but do not allege that such harassment resulted in an adverse employment action as defined above. Although Ms. Green indicates that she no longer works at Van Ausdall and Farrar, she does not

allege that she was fired or suffered a change in benefits due to her race.  Accordingly, her claims

for race discrimination under Title VII and § 1981 against all Defendants are **DISMISSED**.

   *3. Other Claims*

   The Court finds that there is no basis for claims under any of the other laws that Ms. Green

cites in her Amended Complaint because they are based on laws that either do not exist, do not

provide a private right of action, or do not apply to the circumstances of this case.  Thus, those

claims are all **DISMISSED**.

## II.
### MOTION TO APPOINT COUNSEL

   Ms. Green has filed a Motion for Assistance with Recruiting Counsel.  [Filing No. 14.]

The Seventh Circuit has held that "until the defendants respond to the complaint, the plaintiff's

need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens*, 706 F.3d 843, 846

(7th Cir. 2013).  Therefore, Ms. Green's Motion for Assistance with Recruiting Counsel, [Filing

No. 14], is **DENIED** as premature.  Ms. Green may file a renewed motion requesting the Court's

assistance in recruiting counsel after an answer to the Amended Complaint is filed.

## III.
### CONCLUSION

   The Court, having considered the above action and the matters that are pending, makes the

following rulings:

1. At this time, the Court has not determined that the action must be dismissed
   pursuant to 28 U.S.C. § 1915(e), and therefore, the action **SHALL PROCEED**
   as to the following claims:
   a. hostile work environment and retaliation under Title VII against Van
      Ausdall and Farrar; and
   b. hostile work environment and retaliation under 42 U.S.C. § 1981 against
      all Defendants.

2. The Clerk is **DIRECTED** to **ADD** Ms. Dutywood, Ms. Cabrera, Ms. Clark, and
   Ms. Stevens as Defendants.

3. Ms. Green's remaining claims are **DISMISSED**.  No partial final judgment shall issue as to those claims.

4. Because Ms. Green is proceeding *in forma pauperis*, Federal Rule of Civil Procedure 4(c)(3) requires the Court to order service.  Accordingly, the Clerk is **DESIGNATED** pursuant to Rule 4(c)(3) to issue process to Defendants Van Ausdall and Farrar, Ms. Dutywood, Ms. Cabrera, Ms. Clark, and Ms. Stevens in the manner specified by Rule 4(d).  Process shall consist of the Amended Complaint, [Filing No. 12-1], Ms. Green's Letter of Support to the Amended Complaint, [Filing No. 13], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

Date: 12/22/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via United States Mail to:**

Carmen Green
10254 Toll House Way
Fishers, IN 46037

Van Ausdall and Farrar
C/o Eric von Grimmenstein
6430 E. 75th St.
Indianapolis, IN 46250

Malia Dutywood
6430 E. 75th St.
Indianapolis, IN 46250

Cheryl Cabrera
6430 E. 75th St.
Indianapolis, IN 46250

Leslie Stevens
6430 E. 75th St.
Indianapolis, IN 46250

Lisa Clark
6430 E. 75th St.
Indianapolis, IN 46250