UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARMEN GREEN, | ) |
| *Plaintiff*, | ) ) ) |
| vs. | ) ) No. 1:23-cv-1714-JMS-KMB |
| VAN AUSDALL AND FARRAR, MALIA DUTYWOOD, CHERYL CABRERA, LISA CLARK, and LESLIE STEVENS, | ) ) ) ) ) |
| *Defendants*. | ) ) |

## **ORDER**

*Pro se* Plaintiff Carmen Green worked at Defendant Van Ausdall and Farrar ("VAF"). She alleges that during her employment, she was subjected to harassment from Defendant Maria Dutywood. Ms. Green reported the behavior to VAF Human Resources employees, Defendants Leslie Stevens, Cheryl Cabrera, and Lisa Clark, to no avail. Ms. Green alleges that she became ill from the hostile treatment, and she later filed this lawsuit alleging that she was discriminated against based on her race and suffered retaliation and unequal conditions of employment under various statutes. [Filing No. 12-1 at 5.] The Court screened Ms. Green's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and determined that the following claims could proceed: hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") against VAF; and hostile work environment and retaliation under 42 U.S.C. § 1981 against VAF and the individual Defendants. [Filing No. 20.] VAF has now filed a Partial Motion to Dismiss, requesting that this Court dismiss Ms. Green's Title VII claims. [Filing No. 33.] Ms. Green has also filed two motions for the assistance of counsel. [Filing No. 35; Filing No. 36.] The motions are now ripe for the Court's consideration.

# I.
## MOTION TO DISMISS

### A. Standard of Review

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## B. Background

The following are the factual allegations set forth in the Amended Complaint,[1] which the Court must accept as true at this time:

While working at Van Ausdall and Farrar, Ms. Green began experiencing harassment from her Trainer, Malia Dutywood. [Filing No. 12-1 at 5; Filing No. 13.] Ms. Green is Black, and Ms. Dutywood is White. [Filing No. 13.] When Ms. Green asked Ms. Dutywood questions about her new job that she had because she was still learning and in training, Ms. Dutywood would yell at Ms. Green and use a demeaning tone. [Filing No. 13.] Ms. Dutywood would also "talk[] about guns and hurting people." [Filing No. 13.] Additionally, Ms. Dutywood would follow Ms. Green to the bathroom, such that Ms. Green had a co-worker accompany her to the bathroom to show her what Ms. Dutywood was doing. [Filing No. 13.] Ms. Green "became very ill" as a result of the hostile treatment and yelling by Ms. Dutywood. [Filing No. 13.]

Ms. Green went to the head of Van Ausdall and Farrar's Human Resources Department, Leslie Stevens; supervisor Cheryl Cabrera; and Lisa Clark to tell them what she was experiencing, but they "retaliated and sided with [Ms. Dutywood] even after they knew [Ms. Dutywood] was following [Ms. Green] to the bathroom and making [her] workplace toxic and unsafe." [Filing No. 13.] Ms. Green was also "told by the Defendants that '[Ms. Dutywood] is entitled to a toxic free work environment' but [not her]." [Filing No. 13.] Defendants blamed Ms. Dutywood's behavior on Ms. Green, "making it seem like [Ms. Green] was the 'aggressor' when [she] wasn't," and made

---

[1] On November 19, 2023, Ms. Green filed two Amended Complaints, [Filing No. 12; Filing No. 12-1]. The Court considers the second-filed Amended Complaint, [Filing No. 12-1], to be the operative Amended Complaint since it is the most recently filed Amended Complaint and is more comprehensive. *See Chasensky v. Walker*, 740 F.3d 1088, 1094 (7th Cir. 2014) (A "new complaint supersedes all previous complaints and controls the case from that point forward."). Along with her Amended Complaint, Ms. Green also filed an additional page of facts, [Filing No. 13], which the Court considers and references.

statements like, "we fear the police too" and "we have to hold our purses close too." [Filing No. 13.]

Ms. Green asked to move to a different department, but her request was denied. [Filing No. 13.] Ms. Green was made to "leave work" and was not allowed "to attend the company party because [Ms. Dutywood] was going." [Filing No. 13.] Ms. Dutywood even received a "necklace and was laughing with" the employees from the Human Resources Department after Ms. Green made her statement about Ms. Dutywood being "[v]erbally abusive, hostile, toxic, and discriminatory." [Filing No. 13.] Ms. Green experienced this treatment from October 2022 through December 2, 2022. [Filing No. 13; Filing No. 12-1 at 3.] During this time, Van Ausdall and Farrar rewarded Ms. Dutywood's behavior instead of stopping it. [Filing No. 13.]

On December 3, 2022, Ms. Green filed a charge with the Equal Employment Opportunity Commission ("EEOC"). [Filing No. 12-1 at 6.] The EEOC issued Ms. Green a Notice of Right to Sue Letter, which she received on June 1, 2023. [Filing No. 12-1 at 6.] Ms. Green then filed this lawsuit on September 25, 2023. [Filing No. 1.] After the Court's screening pursuant 28 U.S.C. § 1915(e)(2), it found that Ms. Green set forth claims for hostile work environment and retaliation under Title VII against VAF, and hostile work environment and retaliation under 42 U.S.C. § 1981 against VAF and the individual Defendants. [Filing No. 20.] VAF has moved to dismiss the Title VII claims.

### C. Discussion

In support of its motion, VAF argues that Ms. Green did not timely file her Complaint within 90 days of receiving the EEOC's Notice of Right to Sue Letter as required by statute. [Filing No. 34 at 3-4.] Thus, it argues her Title VII claims are untimely and must be dismissed. [Filing No. 34 at 3-4.]

4

In response, Ms. Green argues that she did timely file her lawsuit and indicates that it was in a different case but that it then got transferred to this case's docket. [Filing No. 35.] She urges the Court to look at the case she filed with a different judge. [Filing No. 35.] She further alleges that the Court is not recognizing the truth and fails "to see [its] own prejudice" toward African Americans. [Filing No. 35.]

In reply, VAF reiterates its arguments. [Filing No. 37.]

A plaintiff alleging a violation of Title VII must file her action within 90 days of receiving the EEOC's Notice of Right to Sue Letter. 42 U.S.C. § 2000e-5(f)(1). A complaint filed after the 90 days is time-barred and subject to dismissal. *Lax v. Mayorkas*, 20 F.4th 1178, 1182 (7th Cir. 2021) (affirming the district court's dismissal of a complaint alleging Title VII claims when it was filed outside the 90-day window) (citation omitted); *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004). The Seventh Circuit has held that "the filing window begins when a claimant 'actually receives'" the Notice of Right to Sue Letter. *Lax*, 20 F.4th at 1182.

Here, Ms. Green initially filed this lawsuit on September 25, 2023. [Filing No. 1.] In her Amended Complaint, Ms. Green alleges that she received the EEOC's Notice of Right to Sue Letter on June 1, 2023. [Filing No. 12-1 at 6.] The time between June 1, 2023 and September 25, 2023 is 116 days. Ms. Green's argument regarding her other case does not help her, because her other case, (Case No. 1:23-cv-1713), was also filed on September 25, 2023.[2] [*See* Filing No. 9 at 2; Filing No. 1 in Case No. 1:23-cv-1713.] The Court also notes that the Court is simply enforcing the law and that such enforcement is not a racist act. Because neither of Ms. Green's complaints

---

[2] In that case, the Court noted that the two cases that Ms. Green filed on September 25, 2023 were duplicative of one another and that the complaint in this matter, Case No. 1:23-cv-1714, was more comprehensive in detail. [Filing No. 11 in Case No. 1:23-cv-1713.] Therefore, the Court closed the other case and directed Ms. Green to file all of her documents in this case. [Filing No. 11 in Case No. 1:23-cv-1713.]

5

were filed within 90 days of her receiving the EEOC's Notice of Right to Sue Letter, the Court **GRANTS** VAF's Partial Motion to Dismiss, [33], and **DISMISSES** Ms. Green's Title VII claims.[3]

## II.
### MOTIONS TO APPOINT COUNSEL

Ms. Green asks this Court to assist in recruiting counsel. [Filing No. 35; Filing No. 36.] She indicates that she has reached out to seven law firms and legal aid services regarding her case and has provided the Court with a list of the individual with whom she spoke and what they told her about her case. [Filing No. 36 at 2.] She further indicates that she has graduated from the 12th grade and attended some college, and that due to Defendants' treatment of her, she has suffered from severe psychological distress, which is impacting her ability to communicate with the Court and file motions in compliance with the Court's orders. [Filing No. 35; Filing No. 36.]

There is no constitutional right to court-appointed counsel in federal civil litigation, but district courts do have the power to help recruit counsel for litigants who cannot afford counsel. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citing 28 U.S.C. § 1915(e)(1)). Before exercising that power, the Court must ask two questions: (1) "has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it [herself]?" *Id.* (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'"

---

[3] The Court notes that VAF did not move to dismiss Ms. Green's § 1981 claims for hostile work environment and retaliation against VAF or the individual Defendants, and that those claims are still moving forward.

*Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

As for the first inquiry, the Court finds that Ms. Green's efforts qualify as a reasonable attempt to obtain counsel. Therefore, the Court proceeds to the second inquiry.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims [herself]." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury [herself].'" *Id.* (quoting *Pruitt*, 503 F.3d at 655). This consideration includes "the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history." *Id.* (citing *Pruitt*, 503 F.3d at 655).

Based on Ms. Green's communication skills, educational level, psychological history, and the stage of this lawsuit, the Court finds that this case exceeds Ms. Green's capacity to effectively represent herself. Accordingly, Ms. Green's Motion for Counsel, [35], and Motion to Appoint Counsel, [36], are **GRANTED** to the extent that the Court will attempt to recruit counsel to represent Ms. Green for the remainder of this case. The Court notes that that there is no guarantee that its efforts to recruit counsel will be successful. The Court will notify the parties if and when counsel has been appointed.

### III.
### CONCLUSION

The Court, having considered the above action and the matters that are pending, makes the following rulings:

1. VAF's Partial Motion to Dismiss, [33], is **GRANTED**, and the Court **DISMISSES** Ms. Green's Title VII claims; and

2. Ms. Green's Motion for Counsel, [35], and Motion to Appoint Counsel, [36], are **GRANTED** to the extent that the Court will attempt to recruit counsel to represent Ms. Green for the remainder of this case.

No partial final judgment shall issue. The Court will notify the parties if and when counsel has been appointed. The Court requests that the magistrate judge delay setting an initial pre-trial conference for 30 days while the recruitment process occurs.

Date: 4/2/2024

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to counsel of record**

**Distribution via US Mail to**

Carmen Green
10254 Toll House Way
Fishers, IN 46037